# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                    )
                                    )
     v.                         )        Case ID No.: 1605014734A/B
                                    )
                                    )
ZAAHIR SMITH,          )
                                    )
     Defendant.        )

## ORDER

Submitted: March 6, 2023
Decided: June 20, 2023

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND GRANTING MOTION TO WITHDRAW AS COUNSEL

**AND NOW TO WIT**, this 20th day of June 2023, upon consideration of Zaahir Smith ("Defendant")'s October 11, 2022 Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. Defendant's case involved extensive litigation including pre-trial motion practice related to various violent crimes that connected Defendant and his co-defendants to a series of gang-related activity, including multiple executed and attempted robberies, assaults, and the murder-shooting of fourteen-year-old, Brandon Wingo, who was shot in the face in broad daylight as he walked home from

1

school.[1]

2.     In March of 2018, this Court presided over the trial of co-defendant, Diamonte Taylor, accused killing Wingo and Taylor's involvement in other gang-related crimes.[2] On April 4, 1018, the jury returned guilty verdicts of Murder First Degree as well as other gang-related crimes.[3] Taylor received a life sentence for the Wingo murder and filed a direct appeal with the Supreme Court, challenging this Court's denial of his pre-trial Motion to Suppress as an unconstitutional search warrant.[4]

3.     Approximately one year after Taylor's trial, on March 8, 2019, Defendant entered into a Plea Agreement with the State.[5] He pled guilty to one count of Robbery First Degree, one count of Attempted Robbery First Degree, one count of Assault First Degree, two counts of Possession of a Firearm During the Commission of a Felony ("PFDCF"), one count of Conspiracy First Degree as to the Murder of Wingo, and one count of Gang Participation.[6]

4.     After an appropriate colloquy with Defendant in open court, the Court determined that he understood the nature of the charges to which he was pleading

---

[1] *See* Memorandum in Support of Motion to Withdraw as Counsel, Crim. ID No. 1605014734A, D.I. 80.
[2] *State v. Taylor*, 2019 WL 6353355, at *1 (Del. Super. Nov. 26, 2019), *rev'd and remanded*, 260 A.3d 602 (Del. 2021).
[3] *Id.*
[4] *Taylor v. State*, 260 A.3d 602, 604 (Del. 2021).
[5] Plea Hearing, Crim. ID No. 1605014734A, D.I. 56.
[6] *Id.*

guilty, and the consequences of his plea. Defendant fully acknowledged when he entered into the plea that he understood the range of possible penalties, including a minimum fourteen-year period of incarceration and up to 136 years in prison.[7]

5. Sentencing took place on January 31, 2020. Through his counsel, Defendant argued for the minimum mandatory sentence of fourteen years.[8] The State agreed to cap its recommendation to twenty-five years of incarceration, and asked the Court to impose the maximum statutory penalty of eight years for Conspiracy First Degree for Wingo's murder to be served under 11 *Del. C.* § 4204(k)(1) without the benefit of good or credit time.[9] The Court followed neither recommendation, and instead imposed a sentence of twenty-one years of incarceration followed by transitioning levels of probation, allowing for Defendant to earn his good time.[10]

6. On September 8, 2021, the Supreme Court reversed this Court's decision on Taylor's Motion to Suppress, vacated his convictions, and remanded to

---

[7] Plea Hearing, Crim. ID No. 1605014734A, D.I. 56.
[8] *See* Sentencing Proceedings, Crim. ID No. 1605014734A, D.I. 57.
[9] *Id.*
[10] Defendant was sentenced as follows: (1) For the Robbery First Degree charge, twenty-five years at Level V, suspended after ten years at Level V, for fifteen years at Level IV DOC Discretion, suspended after six months at Level IV DOC Discretion, for two years at Level III; (2) For the Attempted Robbery First Degree charge, three years at Level V, no probation to follow; (3) For the Assault charge, two years at Level V, no probation to follow; (4) For each PFDCF charge, three years at Level V, no probation for follow; (5) For the Conspiracy charge, one year at Level V, suspended for one year at Level III; (6) For the Gang Participation charge, one year at Level V, suspended for one year at Level II. Sentencing ASOP Order, Crim. ID No. 1605014734A, D.I. 58.

3

the Superior Court for a new trial,[11] finding that the search warrant constituted an impermissible general warrant.[12]

7.     On September 22, 2021, Defendant filed this *pro se* Motion for Postconviction Relief (Rule 61 Motion), claiming (1) actual innocence and (2) forced plea.[13]  Seven days later, Defendant filed a Motion for Appointment of Counsel,[14] which the Court granted in October 2021.[15]

8.     On November 7, 2022, his Rule 61 Counsel filed a Motion to Withdraw as Counsel,[16] along with a Memorandum in Support of the Motion (to withdraw) and that there were no meritorious claims.[17]  Defendant filed a Motion for Extension for Response to Defense Counsel's Motion to Withdraw as Counsel,[18] which this Court granted in December 2022.[19]  At this Court's request, his Defense Counsel filed an Affidavit in response to Defendant's Rule 61 Motion indicating there was no bases for postconviction relief,[20] and the State filed its Opposition to Defendant's Rule 61

---

[11] *Taylor v. State*, 260 A.3d 602, 604 (Del. 2021).
[12] *Id.* at 612–19.
[13] Def.'s Mot. for Postconviction Relief, Crim. ID No. 1605014734A, D.I. 65.
[14] Def.'s Mot. for Appointment of Counsel, Crim. ID No. 1605014734A, D.I. 66.
[15] Order Granting Def.'s Mot. for Appointment of Counsel, Crim. ID No. 1605014734A, D.I. 71.
[16] Def.'s Rule 61 Counsel's Mot. to Withdraw as Counsel, Crim. ID No. 1605014734A, D.I. 79.
[17] Def.'s Rule 61 Counsel's Memorandum in Support of Motion to Withdraw as Counsel, Crim. ID No. 1605014734A, D.I. 80.
[18] Def.'s Mot. for Extension for Resp. to Counsel's Mot. to Withdraw, Crim. ID No. 1605014734A, D.I. 81.
[19] Order Granting Def.'s Mot. for Extension for Resp. to Counsel's Mot. to Withdraw, Crim. ID No. 1605014734A, D.I. 82.
[20] Defense Counsel's Affidavit in Resp. to Def.'s Mot. for Postconviction Relief, Crim. ID No. 1605014734A, D.I. 85.

Motion echoing the same.[21]

9. On February 23, 2023, Defendant filed his Response to Defense Counsel's Motion to Withdraw as Counsel, submitting two additional claims to his Rule 61 Motion.[22] He raises (1) structural errors and (2) ineffective assistance of counsel because his attorney did not join co-defendant Taylor's Motion to Suppress.[23] On March 2, 2023, Defendant filed a supplemental letter, reiterating the arguments he made in his Response to Defense Counsel's Motion to withdraw.[24] The matter is now ripe for review.

10. Superior Court Criminal Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of conviction. . . ."[25] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[26] The procedural "bars" of Rule

---

[21] State's Opp'n to Def.'s Mot. for Postconviction Relief, Crim. ID No. 1605014734A, D.I. 89.
[22] Def.'s Resp. to Counsel's Mot. to Withdraw, Crim. ID No. 1605014734A, D.I. 87.
[23] *Id.*
[24] Def.'s Resp. to Counsel's Mot. to Withdraw, Crim. ID No. 1605014734A, D.I. 88.
[25] Del. Super. Ct. Crim. R. 61(a)(1). *See, e.g.*, *Warnick v. State*, 158 A.3d 884, 2017 WL 1056130, at *1 & n.5 (Del. Mar. 30, 2017) (TABLE) (citing *Miller v. State*, 157 A.3d 190, 2017 WL 747758 (Del. Feb. 24, 2017) (TABLE)) (denying Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).
[26] *Bradley v. State*, 135 A.3d 748, 756–57 (Del. 2016) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)); *see also* Del. Super. Ct. Crim. R. 61(i) (setting forth Rule 61's procedural bars).

61 are: timeliness,[27] repetitiveness,[28] procedural default,[29] and former adjudication.[30] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[31]

11. This is Defendant's first Motion for Postconviction Relief. But he is time-barred. Rule 61(i)(1) states that "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final. . . ."[32] Defendant was sentenced on January 31, 2020, and did not file a direct appeal, which made the judgment of his conviction final. Defendant filed this untimely Rule 61 Motion on September 22, 2021.

12. The bar, however, is inapplicable if a claim pleads with particularity that (1) "new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted[,]"[33] or that (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme

---

[27] Del. Super. Ct. Crim. R. 61(i)(1). *See, e.g.*, *Evick v. State*, 158 A.3d 878, 2017 WL 1020456, at *1 (Del. Mar. 15, 2017) (TABLE) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[28] Del. Super. Ct. Crim. R. 61(i)(2). *See, e.g.*, *Walker v. State*, 154 A.3d 1167, 2017 WL 443724, at *1-2 (Del. Jan. 17, 2017) (TABLE) (denying defendant's third postconviction relief motion as repetitive; "Rule 61 provides a limited window for judicial review, especially upon a repetitive motion.").

[29] Del. Super. Ct. Crim. R. 61(i)(3).

[30] Del. Super. Ct. Crim. R. 61(i)(4).

[31] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (citations omitted) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

[32] Del. Super. Ct. Crim. R. 61(i)(1).

[33] Del. Super. Ct. Crim. R. 61(d)(2)(i).

Court, applies to the movant's case and renders the conviction or death sentence invalid."[34] Defendant raises no such claims.

13. His actual innocence claim is solely based on the Delaware Supreme Court's reversal of the Taylor matter,[35] and that Defendant was forced to plea due to his involvement with an illegal gang.[36] As to the former, merely because Taylor received a new trial, the Supreme Court's ruling does not establish that either Taylor or Defendant is actually innocent. Nor does Defendant provide any other reason for why he is actually innocent. As to the latter, he does not claim that his counsel, the State, or the Court forced him to plead guilty. Instead that it was the "gang life" that made him take a plea.[37] This is also without merit. The Court cannot speculate about whether Defendant was persuaded by potential repercussions or reactions from his/other street gangs when he decided to resolve his case through a plea agreement. Regardless, Defendant fails to establish why this Court should accept a Defendant's lifestyle as a basis for post-conviction relief.

14. His two supplemental additional claims—structural errors and ineffective assistance of counsel, are also time-barred. Rule 61(b)(6) only allows a Motion to be amended "at any time before a response is filed or thereafter by leave

---

[34] Del. Super. Ct. Crim. R. 61(d)(2)(i).
[35] Def.'s Mot. for Postconviction Relief, Crim. ID No. 1605014734A, D.I. 65, at 4–5.
[36] *Id.* at 5–9.
[37] Def.'s Mot. for Postconviction Relief, Crim. ID No. 1605014734A, D.I. 65.

of court . . . ."[38]  Here, the State filed its Response to the Rule 61 Motion before Defendant raised his supplemental arguments.  And Defendant did not seek leave of Court to amend his Motion.[39]  Instead, he asked only for more time to respond to Defense Counsel's Motion to Withdraw as Counsel, unilaterally inserting therein that his supplemental claims would serve as supplements to his Rule 61 Motion.  Even if the Court had granted Defendant's request to supplement, regardless of timing, these claims are also without merit.

15.    Defendant's "structural error" argues that this Court's denial of Taylor's suppression motion led him to plead guilty.[40]  Structural errors are "defects in the constitution of the trial mechanism" that infect the "entire conduct of the trial from beginning to end,"[41] Here, Defendant entered into a plea agreement.  He did so knowingly, voluntarily and intelligently.  His "voluntary guilty plea waives [his] right to challenge any errors or defects before the plea, even those of constitutional dimension."[42]  There is no structural error.

16.    The second supplemental claim—ineffective assistance of counsel—is

---

[38] Del. Super. Ct. Crim. R. 61(b)(6).

[39] Defendant filed a Motion for Extension for Response to Defense Counsel's Motion to Withdraw as Counsel, not a Motion to Amend his Rule 61 Motion.  This Court granted Defendant's Motion for Extension only.

[40] *See* Def.'s Resp. to Counsel's Mot. to Withdraw, Crim. ID No. 1605014734A, D.I. 87, at 4.

[41] *State v. Cabrera*, No. CR ID 9904019326, 2015 WL 3878287, at *16 (Del. Super. June 17, 2015), *aff'd*, 173 A.3d 1012 (Del. 2017).

[42] *Wilson v. State*, 991 A.2d 19, 2010 WL 572114, at *2 (Del. 2010) (TABLE) (citing *Smith v. State*, 841 A.2d 308 (TABLE), 2004 WL 120530 at *1 (Del. Jan.15, 2004)).

also meritless. Here, Defendant argues "deficient performance in his [counsel's] failure to join" Taylor's motion to suppress.[43] Even if timely, to prevail on an ineffective assistance of counsel claim, Defendant must show that his attorney's performance was deficient and that the deficiency prejudiced him.[44] Mere allegations of ineffectiveness are not enough.[45]

17. To establish prejudice, Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,"[46] and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[47] Defendant fails to make such showing.

18. Taylor raised a constitutional challenge related to the search of *his* cell phones that was of no consequence to Defendant. Defendant must have standing to challenge evidence collected as a result of a violation of one's own constitutional rights, and must demonstrate his own legitimate expectation of privacy to challenge the validity of search warrant.[48] Defendant does not claim he had any expectation of privacy in Taylor's cellphones, nor does he suggest he had standing to join his co-defendant's constitutional challenge. Without standing, his trial attorney would not

---

[43] Def.'s Resp. to Counsel's Mot. to Withdraw, Crim. ID No. 1605014734A, D.I. 87, at 6.
[44] *Strickland v. Washington*, 466 U.S. 668, 667 (1984).
[45] *Younger*, 580 A.2d at 556.
[46] *Strickland*, at 669.
[47] *Albury v. State*, 551 A.2d 53, 60 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58) (1985).
[48] *See Hanna v. State*, 591 A.2d 158, 162–63 (Del. 1991).

9

have been able to "join" in that motion. Defendant fails to establish the requisite legal standards of deficiency or prejudice under *Strickland*,[49] or *Albury*.[50]

19. Lastly, the Court considers his Rule 61 Counsel's Motion to Withdraw. Pursuant to Superior Court Criminal Rule 61(e)(6), postconviction counsel may file a Motion to Withdraw if counsel "considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant."[51] Rule 61's Counsel thoroughly outlines the bases for why she cannot ethically advocate Defendant's claims,[52] and the Court is satisfied that she meets the requirements under Rule 61(e)(6) for withdrawal.

20. For the reasons outlined, Defendant's Motion for Postconviction Relief is **DENIED**, and Defense Counsel's Motion to Withdraw is **GRANTED**.

/s/ Vivian L. Medinilla
J. Vivian L. Medinilla

oc:   Prothonotary
cc:   Defendant
      Matthew B. Frawley, Deputy Attorney General
      Rhonda Pantellas Lowe, Esquire
      Jan A. T. van Amerongen, Jr., Esquire
      Michael C. Heyden, Esquire
      Investigative Services Office

---

[49] *See Strickland v. Washington*, 466 U.S. 668 (1984).
[50] *See Albury v. State*, 551 A.2d 53 (Del. 1988).
[51] Del. Super. Ct. Crim. R. 61(e)(7).
[52] Crim. ID No. 1605014734A, D.I. 79; Crim. ID No. 1605014734A, D.I. 80.

10